**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND (Baltimore)**

In Re:

Priority Towing and Recovery Inc.,

    Debtor

Case No. 26-14108 (NVA)
Chapter 11

Amur Equipment Finance, Inc.,

    Movant

v.

Priority Towing and Recovery Inc.,

    Respondent.

## MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO
**one (1) 2024 Mack MD642 VIN 1M2MDBAA6RS009467 w/ Jerr-Dann 22 Ft Steel Deck**
**one (1) 2024 Mack MD642 VIN 1M2MDBAA0RS013367 w/ Jerr-Dann XLP Carrier**

Amur Equipment Finance, Inc. ("Amur"), by its counsel, moves for relief from the automatic stay imposed by 11 U.S.C. §362(a) for the following reasons:

1.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §362. This is a core proceeding within the meaning of 28 U.S.C. § 157.

2.  On 04/17/2026, Debtor Priority Towing and Recovery Inc. filed a voluntary petition for relief under Chapter 11 (ECF No. 1).

## FACTUAL BACKGROUND

3.  Prior to filing for bankruptcy, the Debtor entered into an Equipment Finance Agreement ("EFA") with Amur on July 9, 2025 whereby Amur agreed to finance the Debtor's purchase of two commercial vehicles, specifically one (1) 2024 Mack MD642 Tractor VIN 1M2MDBAA6RS009467 with Jerr-Dann 22 Foot Steel Deck ("Truck 1") and one (1) 2024

Mack MD642 Tractor VIN 1M2MDBAA0RS013367 with Jerr-Dann 22 Aluminum 6 Ton XLP carrier ("Truck 2"), collectively referred to as the "Trucks" (Exhibit No. 1, Declaration of Karla Beran at ¶4 and Exhibit No. 2, EFA). [1]

4.  Pursuant to the terms of the EFA, the Debtor agreed to make eighty-four (84) monthly installment payments in the amount of $4,393.78 each beginning on August 1, 2025 and every consecutive month thereafter until paid in full  (Exhibit No. 1, Declaration of Karla Beran ¶6 and Exhibit No. 2, EFA).

5.  As security for repayment of the obligations under the EFA, the Debtor granted and/or conveyed to Amur a security interest in the Trucks  (Exhibit No. 1, Declaration of Karla Beran at ¶7 and Exhibit No. 2, EFA).

6.  Amur perfected its security interest in Truck 1 and Truck 2 as evidenced by the Electronic Title Copy attached as Exhibit No. 3 as to Truck 1 and Exhibit No. 4 as to Truck 2,[2] as well as the UCC-1 Financing Statement attached as Exhibit No. 5.

7.  The Debtor made payments under the EFA through and including the February 1, 2026 (Exhibit No. 1, Declaration of Karla Beran at ¶9).

8.  By failing to remit the payment due on March 1, 2026 and the payments due and owing thereafter, the Debtor defaulted on the EFA and therefore, among other remedies, all amounts became due and owing to Amur ("Accelerated Amount") (Exhibit No. 1, Declaration of Karla Beran at ¶10 Exhibit No. 2, EFA at ¶13).

9.  On April 17, 2026, the Debtor filed for Chapter 11 bankruptcy protection (ECF No. 1).

---

[1] Karla Beran is the Manager, Legal for Amur.  Her Declaration that is attached hereto as Exhibit No. 1, signed under penalty of perjury and based on her personal knowledge.

[2] Axis Title, LLC, is listed as the lien holder on Exhibit Nos. 3 and 4.  Axis Title, LLC is a wholly owned subsidiary of Amur Equipment Finance, Inc.

10.     Pre-petition, the Accelerated Amount due and owing to Amur was in the amount of $245,979.05  (Exhibit No. 1, Declaration of Karla Beran ¶12).

11.     Post-petition, Amur has not received any payments from the Debtor (Exhibit No. 1, Declaration of Karla Beran at ¶13).

12.     Upon information and belief, the Debtor continues to be in possession of and use the Trucks in the operation of its business (Exhibit No. 1, Declaration of Karla Beran ¶14).

13.     Amur has requested that the Debtor provide proof of insurance, but it has failed to provide proof of same  (Exhibit No. 1, Declaration of Karla Beran at ¶15).

14.     Moreover, Amur believes that the Trucks have an approximate value of $115,000 each or $230,000 collectively.  This valuation is based upon a review of on-line sales of similar vehicles and in consultation with Amur's Asset Management team. In my experience, vehicles such as the Trucks depreciate with the mere passage of time.  Moreover, if the Trucks remain in use by the Debtor and believes that they are, the value of the Trucks depreciates at a more rapid pace  (Exhibit No. 1, Declaration of Karla Beran at ¶16).

## LEGAL ARGUMENT

15.     11 U.S.C. §362(d)(1) provides that this Court may terminate, annul, modify, or condition the automatic stay on the following:

> (d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1)  for cause, including the lack of adequate protection…;
>
> (2)  with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property;

16.     Under 11 U.S.C. §362(d)(1), cause exists to grant Amur's request to terminate the stay as the Debtor has not provided proof of insurance, Amur's security interest in the Trucks is impaired, including because the Debtor has failed to remit any payments for more than three months while still using/operating the Trucks thereby accelerating their depreciation.

17.     Amur also asserts that there is no equity in the Trucks since the total of the liens encumbering the property exceed their fair market value and therefore Amur is entitled to its requested relief under the provisions of 11 U.S.C. § 362 (d)(2)(A).

WHEREFORE, Movant requests this Court to enter an Order terminating the automatic stay of 11 U.S.C. §362(a) so Amur may enforce its rights with respect to the Trucks, including but not limited to taking possession of the Trucks, selling the same, and applying the proceeds thereof to the obligations owing to Amur, and for such other and further relief as the Court deems proper.

Date:   05/27/2026

/s/ Amy K. Kline
Amy K. Kline, 08382
Amy K. Kline Law
35 Franklin Boulevard
Reisterstown, MD 21136
410.526.9551/F 410.526.9554
*akline@amyklinelaw.com*